IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA LYNN MAYS and RONALD MAYS, <br><br>  Plaintiffs, <br> v. <br><br> U.S. BANK NATIONAL ASS. as Trustee for the Specialty Underwriting and Residential Financial Mortgage Loan Asset Backed Certificates Series 2006-AB3, et. al., <br><br>  Defendants. | 1:09-CV-1586  AWI SMS <br><br> **ORDER ON DEFENDANTS' MOTION TO DISMISS** <br><br> (Doc. No. 8) |

This case stems from the refinancing of a residential property.  Plaintiffs essentially allege violations of TILA and fraud.  Defendants U.S. Bank National Ass. ("U.S. Bank") and Wilshire Credit Corp. (Wilshire) removed this case from the Fresno County Superior Court and now have filed motions to dismiss and strike.  For the reasons that follow, the motions will be granted.

**GENERAL BACKGROUND**

From the complaint, in July 2006, Plaintiffs sought to refinance their home, which is located in Prather, California.  Plaintiffs contacted a mortgage broker (Defendant Loanleaders of America, Inc.).  An employee of the broker (Defendant Art) promised he could refinance the property in the amount of $280,000 at an interest rate of 6.95% for forty years.  During a discussion about the loan, Plaintiffs asked about a document that showed that the last payment

would be an amount over $100,000.  Plaintiffs stated that they would not be interested in such a provision and Art assured them that the provision would be addressed in the final documents.

The broker obtained a loan for Plaintiffs through Defendant Right Away Mortgage.  In August 2006, Donna Mays signed the loan documents.  A deed of trust was created on August 15, 2006, and was recorded with the Recorder of Fresno County thereafter.  After 5:00 p.m., possibly on August 18, 2009,[1] a notary was sent to Plaintiffs' home by Defendant Chicago Title company with the final loan documents.  Upon reviewing the loan documents, Plaintiffs saw that the loan had a balloon payment in the amount of $154,353.65.  Plaintiffs asked the notary about this, but the notary stated that he could not give legal advice.  Because the documents were delivered after business hours, Plaintiffs had no one to contact regarding the discrepancy regarding the balloon payment.  Prior to execution of the loan documents, the broker had instructed them not to make the last payment on their existing loan since it was part of the refinancing.  Plaintiffs felt trapped and that they had no choice but to execute the documents in their current form.

Unbeknown to Plaintiffs, the loan was amortized for 40 years, but was payable in 30 years with a balloon payment, and had a prepayment penalty.  Had Plaintiffs known these facts, they would not have assumed the loan.  Further, Donna Mays was given a Notice of Right to Cancel, but the date by which to cancel was not written on the document.

From September 2006 to April 2008, Plaintiffs made regular and timely payments to Right Away and then to Wilshire (who is the current servicer of the loan).  In 2008, Plaintiffs experienced financial hardship and contacted Wilshire with a request to modify the loan.  Wilshire told Plaintiffs that the lender would not modify the loan while it was current and that they needed to fall behind before a modification would be considered.  Plaintiffs obliged and stopped making payments as instructed by Wilshire.

Plaintiffs then sent Wilshire various documents, including some that evidenced their

---

[1] Plaintiffs do not identify August 18, 2006.  However, a TILA disclosure and an itemization statement are dated August 18, 2006.  See Tye Declaration Exhibit C.  The Court considers these documents, along with a prepayment addendum and a balloon rider, see Tye Declaration Exhibits D & E, as having been incorporated by reference.  See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005).

2

financial hardship. Wilshire informed Plaintiffs that their requested modification had been denied. No further attempts to prevent a foreclosure were discussed or offered to Plaintiffs.

In May, Plaintiffs received a notice of default. The notice was recorded on May 12, 2009. The amount demanded was $11,975.40. The amount included late charges. Also in May, Plaintiffs received an offer from Wilshire whereby Plaintiffs would pay $3,000 a month (nearly double the existing payment) for 11 months and Wilshire would consider letting Plaintiffs keep their home. Plaintiffs declined the offer.

On August 13, 2009, Wilshire caused a notice of trustee's sale to be served on Plaintiffs with a date for sale of September 8, 2009. On August 14, 2009, Donna Mays exercised her right of rescission by sending a letter to the lender and all other parties.

On August 17, 2009,[2] Plaintiffs filed suit in the Fresno County Superior Court. Defendants Wilshire and U.S. Bank (who is the assignee of the original lender Right Away) removed to this Court. Plaintiffs allege causes of action: (1) rescission under TILA for failing to give proper notice of right to cancel; (2) intentional misrepresentation under California Civil Code §§ 1709 and 1710; (3) rescission for fraud; and (4) violation of TILA and Federal Reserve Regulation Z.[3] Wilshire and U.S. Bank move to dismiss the first, third, and fifth causes of action, which are the only claims alleged against them.

## LEGAL FRAMEWORK

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Johnson v. Riverside Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th

---

[2] There are two filing stamps on the complaint, one for August 17, 2009, and one for August 19, 2009. For purposes of this motion, the Court will view the lawsuit as having been filed on August 17, 2009.

[3] There are four causes of action alleged in the complaint, but the last cause of action is misnumbered as the "Fifth Cause of Action." In order to match the complaint, the Court will refer to the last/fourth cause of action as the "fifth cause of action" in this order.

Cir. 2001).  In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party.  Marceau v. Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999).  The Court must also assume that general allegations embrace the necessary, specific facts to support the claim.  Smith v. Pacific Prop. and Dev. Corp., 358 F.3d 1097, 1106 (9th Cir. 2004); Peloza v. Capistrano Unified Sch. Dist., 37 F.3d 517, 521 (9th Cir. 1994).  But, the Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  Although they may provide the framework of a complaint, legal conclusions are not accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50 (2009); see also Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003).  Furthermore, Courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged."  Associated General Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983).  As the Supreme Court has recently explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, to "avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); see Twombly, 550 U.S. at 570; see also Weber v. Department of Veterans Affairs, 521 F.3d 1061, 1065 (9th Cir. 2008).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S.Ct. at 1949.

> The plausibility standard is not akin to a 'probability requirement,' but it asks more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'
>
> . . .
>
> Determining whether a complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.

Iqbal, 129 S.Ct. at 1949-50. "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

In deciding whether to dismiss a claim under Rule 12(b)(6), the Court is generally limited to reviewing only the complaint, but it may take judicial notice of public records outside the pleadings, review materials which are properly submitted as part of the complaint, and review documents that are incorporated by reference in the Complaint if no party questions their authenticity. See Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005); Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). In other words, leave to amend need not be granted when amendment would be futile. Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

## DEFENDANTS' MOTION TO DISMISS

**1.   First & Fifth Causes of Action – TILA Rescission**

*Defendants' Argument*

Defendants argue that the first and fifth causes of action must be dismissed for three

5

reasons. First, Plaintiffs TILA claims are time barred. The loan transaction commenced no later than August 18, 2006, but the lawsuit was not filed until August 19, 2009. Since that span exceeds three years, Plaintiffs have not met the three year statute of limitations for filing a rescission claim or the one year statute of limitations for seeking TILA damages. Although Plaintiffs state that they attempted to rescind on August 14, 2009, the letter that is attached to the complaint is only addressed to TD Servicing Company. Since it is not addressed to the appropriate creditor, it is a failed attempt and does not properly assert rescission rights.

Second, TILA was not violated. With respect to the first cause of action, Plaintiffs were in fact given and signed a notice of right to cancel that included all required dates. See Tye Declaration Exhibit B. Even if the deadline by which to cancel was not include (which is not the case), a district court has held that such a failure is a non-actionable technical glitch. With respect to the fifth cause of action, the allegations are contrary to the documents incorporated by reference in the complaint. Separate documents, which were signed by Plaintiffs, all show that Plaintiffs were apprised of the balloon payment, the prepayment penalty, and the cost of the loan including the appropriate APR. See Tye Declaration Exhibits C, D, and E.

Third, in order to obtain rescission, Plaintiffs must tender the amount of the loan. However, there is a failure to allege tender.

*Plaintiffs' Opposition*

Plaintiffs argue that there is no statute of limitations problem because the Complaint was filed on August 17, 2009, and a certified letter was sent to Defendants on August 13, 2009.

Additionally, the Ninth Circuit has held that technical violations are actionable under TILA. The district court case relied upon by Defendants is not controlling. In response to a request for additional briefing, Plaintiffs state that their own copies of the Notice of Right to Cancel does not include the deadline to cancel.

*Legal Standard*

TILA "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998). The failure to satisfy

TILA's requirements subjects a lender to "statutory and actual damages [that are] traceable to a lender's failure to make the requisite disclosures." Id. (citing 15 U.S.C. § 1640).  There is a one year statute of limitations period in which to file an action for such damages. See 15 U.S.C. § 1640(e); Beach, 523 U.S. at 412.  The one-year limitations period of "[15 U.S.C. §] 1640(e) runs from the date of consummation of the transaction but . . . the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or non-disclosures that form the basis of the TILA action." King v. California, 784 F.2d 910, 915 (9th Cir. 1986).  "Consummation" is defined as "the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226.2(a)(13); Grimes v. New Century Mortg. Corp., 340 F.3d 1007, 1009 (9th Cir. 2003).  "Even technical or minor violations of the TILA impose liability on the creditor." Jackson v. Grant, 890 F.2d 118, 119 (9th Cir. 1989); Semar v. Platte Valley Fed. Sav. & Loan Ass'n, 791 F.2d 699, 704 (9th Cir. 1986).  Additionally, TILA "authorizes a borrower whose loan is secured with his 'principal dwelling,' and who has been denied the requisite disclosures, to rescind the loan transaction . . . ." Beach, 523 U.S. at 412 (citing 15 U.S.C. § 1635(a)).  The right of rescission may last up to three years depending on when or if a lender delivers a statement containing the requisite TILA disclosures. Hefferman v. Bitton, 882 F.2d 379, 383 (9th Cir. 1989).  However, the right of rescission is completely extinguished after three years from the date of the loan's consummation. 15 U.S.C. § 1635(f); Beach, 523 U.S. at 412, 419; Miguel v. Country Funding Corp., 309 F.3d 1161, 1163-64 (9th Cir. 2002).  Equitable tolling does not apply to the three year limitation period of § 1635(f). See Walker v. Equity 1 Lenders, 2010 U.S. Dist. LEXIS 2432, *10 (S.D. Cal. Jan. 12, 2010); Vo v. Downey S&L Ass'n, 2009 U.S. Dist. LEXIS 100510, *12-*13 (N.D. Cal. Oct. 14, 2009); McMillan v. AMC Mortg. Servs., 560 F.Supp.2d 1210, 1215-16 (S.D. Ala. 2008); In re Community Bank of N. Va., 467 F.Supp.2d 466, 481 (W.D. Pa. 2006); cf. King, 784 F.2d at 913-15 (discussing tolling for damages claim but not for rescission claim).

In alleging a claim for rescission, courts may require that the borrower plead that she can or will be able to repay the loan proceeds. See Yamamoto v. Bank of New York, 329 F.3d 1167, 1171 (9th Cir. 2003); Farmer v. Countrywide Financial Corp., 2009 U.S. Dist. LEXIS 49553,

*12-*13 (C.D. Cal. May 18, 2009).

*Discussion  - First Cause of Action (TILA Rescission)*

With respect to the second argument, that either the particular disclosure was made or the omission is not actionable, the Court is not persuaded. TILA provides a borrower with three days in which to cancel or rescind a loan without penalty. See 15 U.S.C. § 1635(a); Semar, 791 F.2d at 701. TILA and Regulation Z (which is issued by the Federal Reserve System) require lenders to provide a form stating the specific date on which the three-day rescission period expires. See 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(b)(5); Semar, 791 F.2d at 701. Where a lender omits the expiration date and fails to cure the omission by subsequently providing the information, TILA has been violated and the violation is actionable by the borrower. See Semar, 791 F.2d at 701-02; Garza v. Am. Home Mortg., 2009 U.S. Dist. LEXIS 7448, 7-8 (E.D. Cal. Jan. 26, 2009).

Here, the Complaint alleges that the deadline for cancellation/rescission was omitted. See FAC at ¶ 30. Although Tye Declaration Exhibit B consists of copies of the Notice of Cancellation and have a deadline of August 22, 2006, hand-written in the appropriate section, Plaintiffs have declared that their own copies of the Notice contain no such hand-written date and they do not recall the originals having such a date. See Court's Docket Doc. Nos. 24, 25. Plaintiffs' declarations sufficiently question the authenticity of Tye Declaration Exhibit B. Because authenticity has been sufficiently questioned, Tye Declaration Exhibit B has not been incorporated into the complaint by reference. See Knievel, 393 F.3d at 1076. Excluding Tye Declaration Exhibit B, the complaint sufficiently alleges a violation of TILA. Dismissal on this ground is not appropriate.

Next, Defendants rely on *Megitt v. Indymack Bank F.S.B.*, 547 F.Supp.2d 56, 62 (D. Mass. 2008) to argue that the omission of the deadline to rescind is technical and non-actionable. However, *Megitt*, is an out of circuit, district court opinion and cannot change the binding Ninth Circuit authority that expressly holds that the omission identified by Plaintiffs is actionable.[4] See

---

[4] The Court is dismayed that Defendants relied on an out of circuit, district court case when this Court is bound to follow Ninth Circuit law. Defendants did not even cite to *Semar*. The Court urges and expects more accuracy and caution by Defendants in any further filings.

8

Semar, 791 F.2d at 701-02.  Dismissal on this ground is not appropriate.

With respect to the first argument, that Plaintiffs' TILA claims are time-barred, it appears that Plaintiffs invoked rescission within three years of August 18, 2006.[5]  Irrespective of whether the complaint was filed on August 17, 2009, or August 19, 2009, representatives of Plaintiffs sent a notice of rescission to, *inter alia*, Wilshire, U.S. Bank, and Right Away on August 13 or 14, 2009.  See Complaint at ¶ 31; Court's Docket Doc. No. 12 at pp. 21-47.[6]  Plaintiffs attempted rescission prior to August 18, 2009, and thus, are within the three year statute of limitations.  Dismissal of the TILA rescission claim on this basis is inappropriate.  Cf. Santos v. Countrywide Home Loans, 2009 U.S. Dist. LEXIS 71736, *13-*14 (E.D. Cal. Aug. 14, 2009).

Finally, with respect to the third argument, the Court agrees with Defendants.  In order for rescission to occur, Plaintiffs must return the proceeds of the loan to the lender.  Plaintiffs have made no allegation that they can or will be able to pay the loan amount.  In the absence of such an allegation, dismissal is appropriate.  See Yamamoto, 329 F.3d at 1171; Farmer, 2009 U.S. Dist. LEXIS 49553 at *12-*13.  As it is not apparent that amendment would be futile, dismissal of the first cause of action will be without prejudice to amendment.  Gompper, 298 F.3d at 898.

*Discussion – Fifth Cause of Action (Violations of TILA & Regulation Z)*[7]

Defendants' arguments appear to have merit.  Plaintiffs allege that Defendants did not disclose the "true cost" of the loan and the true APR.  See Complaint at ¶ 69.  It is not known what Plaintiffs mean by "the true cost of the loan."[8]  The first page of Tye Declaration Exhibit C is entitled "Federal Truth-In-Lending Disclosure Statement," and identifies the following: (1) the APR as 7.655%; (2) the Finance Charge as $529,581.11; (3) the Amount Financed as

---

[5] It is unclear when the loan transaction was consummated, either August 15, 2006, or August 18, 2006.  The Court will assume, as do Defendants in their motion, that the loan was consummated on August 18, 2006.

[6] The Court views the rescission letters as having been incorporated by reference into the complaint.  See Knievel, 393 F.3d at 1076.

[7] The fifth cause of action seeks both monetary damages and rescission.  For the reasons discussed in the previous section, the rescission claim will be dismissed for failure to allege tender or the ability to tender.  The remainder of the discussion under this section will relate only to Plaintiffs' claim for TILA damages.

[8] Paragraph 69 begins with the word "thus," which suggests that Paragraph 68 explains the violation.  That paragraph states that part of the settlement costs were improper kickbacks.  It is not clear to the Court how this would affect the amount of loan or the APR.

$267,770.26; and (4) the Total of Payments as $797,351.37.  See Tye Declaration Exhibit C. The Exhibit was signed by both Plaintiffs on August 18, 2006.  See id.  Plaintiffs do not allege what the true cost of the loan was, what the true APR was, or explain how Exhibit C is inaccurate or insufficient.  In light of Exhibit C, further allegations are necessary and dismissal is appropriate.

Plaintiffs also allege that Defendants failed to disclose that the loan would include a prepayment penalty.  See Complaint at ¶ 70.  However, Defendants have submitted a "Prepayment Addendum" signed by Donna Mays and a Prepayment Rider signed by both Plaintiffs, dated August 18, 2006, and August 15, 2006, respectively.[9]  See Tye Exhibit D.  These documents show that Plaintiffs were informed of a prepayment penalty.  Plaintiffs do not respond to Defendants' argument that Exhibit D conclusively establishes that disclosure was made.  See 15 U.S.C. § 1641(b).  Given the lack of opposition on this point, dismissal of this basis of liability is appropriate.

Plaintiffs also allege that Defendants did not disclose that there was a balloon payment.  See Complaint at ¶ 70.  However, Defendants have submitted a "Balloon Note Addendum" signed by Donna Mays and a "Balloon Note Rider" signed by Plaintiffs.  See Tye Declaration Exhibit E.  Further, the TILA disclosure form indicates that the final payment will be $154.353.65.  See Tye Declaration Exhibit C.  Plaintiffs do not respond to Defendants' argument the Exhibit E conclusively establishes that disclosure was made.  See 15 U.S.C. § 1641(b).  Given the lack of opposition on this point, dismissal of this basis of liability is appropriate.

Finally, Plaintiffs' claims for monetary damages appear to be time barred.  To meet the one year statute of limitations for TILA damages, Plaintiffs were required to file suit on or before August 18, 2007.  Plaintiffs are about two years late and dismissal is appropriate.  However, TILA claims are subject to tolling.  See King, 784 F.2d at 915.  Although Plaintiffs did not respond to Defendants' argument regarding the one-year statute of limitations, it is not clear that tolling is not applicable.

---

[9] Plaintiffs do not challenge Defendants' argument that Ronald Mays's signature on the "Prepayment Addendum" or, as discussed later, the "Balloon Note Addendum," was unnecessary under 15 U.S.C. § 1631(a) and 12 C.F.R. 226.5(d).

Dismissal of the fifth cause of action is appropriate. The dismissal will be without prejudice to alleging facts that show tolling and that show and explain how TILA was violated.[10]

**2.      Third Cause of Action – Rescission based on Fraud, Mistake, or Inherent Authority**

*Defendants' Argument*

First, Defendants argue that Plaintiffs have not alleged any facts, but instead simply state that the loan was executed through fraud and/or under duress. Second, to the extent that the fraud claim is based on TILA violations, dismissal is appropriate because TILA was not violated. Third, the allegations in other parts of the complaint are not sufficiently specific. Plaintiffs signed both the balloon payment notice and the prepayment penalty notice. Although Plaintiffs allege that the settlement costs included unlawful kickbacks, there is no allegation that a contrary representation was made or that Plaintiffs detrimentally relied. There is also a general lack of identifying who made representations, when the representations were made, whether the speaker had authority to make the representations, and whether the representations were oral or in writing. Fourth, rescission requires that the loan proceeds be tendered. There is no allegation of tender.

*Plaintiffs' Opposition*

Plaintiffs rely on Paragraph 34, which indicates that Wilshire said that as long as the loan was current, the lender would not approve a modification and that Plaintiffs needed to fall behind. Plaintiffs state that they later provided Wilshire with requested documentation, but no modification occurred. Wilshire did not discuss any other options and instead filed a notice of default with late fees. Later, Wilshire offered not to foreclose if Plaintiffs made payments of $3,000/month.

*Legal Standard*

Rule 9(b)

Federal Rule 9(b) requires that, when averments of fraud are made, the circumstances constituting the alleged fraud must be "specific enough to give defendants notice of the particular

---

[10] Because the allegations are incorporated by reference, it appears that Plaintiffs may be including the first cause of action's TILA claim in the fifth cause of action. If Plaintiffs so intend, they should add express allegations under the fifth cause of action to that effect.

11

misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Fed. R. Civ. Pro. 9(b); Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). Although the substantive elements of fraud may be set by a state law, those elements must be pled in accordance with the requirements of Rule 9(b). See id. at 1103. Fraud allegations should specifically include "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." Swartz v. KPMG LLP, 476 F.3d 756, 764 (9th Cir. 2007). The plaintiff must set forth what is false or misleading about a statement, and why it is false." Vess, 317 F.3d at 1106. Stated differently, the complaint must identify "the who, what, when, where, and how" of the fraud. Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009). "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." Swartz, 476 F.3d at 764-65.

California Law – Fraud & Rescission

"The elements of fraud are: (1) a misrepresentation (false representation, concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage." Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal.4th 979, 990 (2004); Alliance Mortgage Co. v. Rothwell, 10 Cal.4th 1226, 1239 (1995).

In order to obtain rescission of a contract, even one induced by fraudulent misrepresentations, a plaintiff must restore everything of value that he received from the defendant in the transaction. See Andrade v. Wachovia Mortgage, 2009 U.S. Dist. LEXIS 34872, *13 (S.D. Cal. Apr. 21, 2009); Loud v. Luse, 214 Cal. 10, 12 (1931); Star Pacific Investments, Inc. v. Oro Hills Ranch, Inc., 121 Cal.App.3d 447, 457-58 (1981); Fleming v. Kagan, 189 Cal.App.2d 791, 796 (1961); see also Cal. Civ. Code § 1691; Ritchie v. Community Lending Corp., 2009 U.S. Dist. LEXIS 73216, *8-*9 (C.D. Cal. Aug. 12, 2009).

*Discussion*

Dismissal is appropriate. Plaintiffs rely on Paragraphs 34 and 35 (which were

incorporated by reference under the third cause of action) in their opposition. The representation relied upon appears to be that the lender would not consider a modification until Plaintiffs fell behind on their loan. However, Plaintiffs do not identify how that representation is fraudulent, do not sufficiently specify when the statement was made,[11] do not specify the form of the representation (written or oral), do not identify the person(s) who made the misrepresentation, and don't differentiate between defendants.[12] See Swartz, 476 F.3d at 764-65; Vess, 317 F.3d at 1106. Dismissal with leave to amend to cure these defects is appropriate.[13]

**3.    Punitive Damages**

*Defendants' Argument*

Defendants argue Paragraph 76 and Subparagraph H of the Prayer for Relief, which seek punitive damages, should be struck because they are scandalous, unsubstantiated, and prejudicial to the resolution of the action. There are no factual allegations that show that these Defendants engaged in "willful," "intentional," or "fraudulent" conduct. The California legislature intended to make it more difficult to allege and prove the availability of punitive damages. Plaintiffs have failed to meet the legislature's standard.

*Plaintiffs' Opposition*

Plaintiffs argue that Defendants' have insufficiently developed their argument beyond stating that the allegations are insufficient.

*Legal Standard*

Rule 12(f) of the Federal Rules of Civil Procedure allows the court to strike from "any

---

[11] "Sometime in 2008," see Complaint at ¶ 34, is too vague. Plaintiffs need not allege the precise day if that is unknown, but 365 days is too great a time frame. Cf. Glen Holly Etm't v. Tektronix, Inc., 100 F.Supp.2d 1086, 1094 (C.D. Cal. 1999).

[12] Plaintiffs generally indicate that Wilshire made the representations, but do not identify which employee of Wilshire made the statements. If the representation was oral, Plaintiffs may not know the name of the person who made the statements. If the precise name is not known at this time, Plaintiffs should attempt to describe the speaker. For example, "upon calling the Wilshire customer service number, Plaintiffs spoke to an employee of Wilshire (whose name is currently unknown) who stated . . ."

[13] Defendants cite to a state law case for the proposition that a speaker's authority to speak for a corporation must be pled in alleging fraud. Defendants cite no Ninth Circuit authority for this proposition. Without further authority, the Court will not require that the speaker's authority be identified in order to comply with Federal Rule of Civil Procedure 9(b)'s specificity requirements.

pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion is to avoid the costs that arise from litigating spurious issues by dispensing with those issues prior to trial. See Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir 1993), *rev'd on other grounds*, 510 U.S. 517 (1994); Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir.1983). Motions to strike are generally viewed with disfavor and are not frequently granted. See Bassiri v. Xerox Corp., 292 F.Supp.2d 1212, 1220 (C.D. Cal. 2003). "[M]otions to strike should not be granted unless it can be shown that no evidence in support of the allegation would be admissible, or those issues could have no possible bearing on the issues in the litigation." Gay-Straight Alliance Network v. Visalia Unified School Dist., 262 F.Supp.2d 1088, 1099 (E.D. Cal. 2001). Nevertheless, a motion to strike may be used to strike a prayer for relief where the damages sought are not recoverable as a matter of law. See Shabaz v. Polo Ralph Lauren Corp., 586 F.Supp.2d 1205, 1209 (C.D. Cal. 2008); Gay-Straight Alliance, 262 F.Supp.2d at 1110-11.

"Where a motion to strike challenges the sufficiency of the factual allegation, the proper medium is Rule 12(b)(6), not Rule 12(f)." Fraher v. Surydevara, 2009 U.S. Dist. LEXIS 78929, *2 (E.D. Cal. Sept. 3, 2009); see Consumer Solutions Reo, LLC v. Hillery, 2009 U.S. Dist. LEXIS 76244, *48-*49 (N.D. Cal. Aug. 26, 2009). The Court may treat a motion to strike as a motion to dismiss where the sufficiency of the factual allegations challenged. See Hillery, 2009 U.S. Dist. LEXIS 76244 at *49; Parker v. Fidelity Security Life Ins. Co., 2006 U.S. Dist. LEXIS 56724, *18 (E.D. Cal. Aug. 1, 2006).

*Discussion*

Paragraph 76 is part of the fifth cause of action and reads, "Plaintiff believes that the acts of defendant as described herein were willful, wanton, and in conscious disregard of the rights of plaintiff and on that basis allege that plaintiff is entitled to recover punitive damages." Complaint at ¶ 76. The fifth cause of action is based only on violations of TILA and Regulation Z. The problem is that TILA prescribes its own remedies and does not provide for punitive damages. See 15 U.S.C. § 1640; Tasaranta v. Homecomings Fin., 2009 U.S. Dist. LEXIS 87372, *20 (S.D. Cal. Sept. 21, 2009); Marcelos v. Dominguez, 2008 U.S. Dist. LEXIS 91155, *33-*34

14

1  (N.D. Cal. July 18, 2008); Buick v. World Sav. Bank, 637 F.Supp.2d 765, 776 (E.D. Cal. 2008);
2  In re Ameriquest Mortg. Co., 2007 U.S. Dist. LEXIS 45676, *9 (N.D. Ill. Sept. 24, 2007); Bond
3  v. Fleet Bank (RI), N.A., 2002 U.S. Dist. LEXIS 4131, *8-*9 (D. R.I. Feb. 21, 2002).  Since
4  punitive damages are not available as a matter of law for TILA violations, the Court will strike
5  Paragraph 76.  See Buick, 637 F.Supp.2d at 776; Shabaz, 586 F.Supp.2d at 1209.

6  Prayer H prays for "punitive damages according to proof."  Complaint at p.12.  There are
7  only three causes of action alleged against Defendants.  Punitive damages are unavailable under
8  the first and fifth causes of action because those causes of action are based on TILA.  This leaves
9  only the third cause of action, which is for a claim for rescission based *inter alia* on fraud.  See
10 Complaint at p.10.  Fraud is a basis for punitive damages under California law.  See Cal. Civ.
11 Code § 3294.  However, the Court has dismissed the third cause of action.  See Discussion *supra*.
12 "[T]here is no separate cause of action for punitive damages – they are only ancillary to a valid
13 cause of action."  Caira v. Offner, 126 Cal.App.4th 12, 39 n.20 (2005).  Since the third cause of
14 action fails, so to fails the punitive damages prayer against Wilshire and U.S. Bank.  See id.

15 However, the second cause of action alleges fraudulent conduct against other, non-
16 moving defendants.  See Complaint at pp. 8-9.  Because fraud may form the basis of punitive
17 damages, the Court cannot strike Prayer H because it has potential application to other
18 defendants and other claims.  Therefore, the Court will dismiss Prayer H in relation to Wilshire
19 and U.S. Bank only.  Dismissal will be without prejudice to amendment since that prayer will
20 stand or fall with the third cause of action, which has been dismissed without prejudice.

21 **4.      Failure To Serve Defendants Within 120 Days**

22 Without an extension from the Court, the time in which to serve a defendant with process
23 is 120 days.  See Fed. R. Civ. Pro. 4(m).  Under Rule 4(m), "if process is not served within 120
24 days after the filing of the complaint, and the plaintiff cannot show good cause why service was
25 not made within that time, the action is subject to dismissal without prejudice upon the court's
26 own initiative with notice to the plaintiff."  Hason v. Medical Bd., 279 F.3d 1167, 1174 (9th Cir.
27 2002).  In the case of a removed action, the 120 day period to serve process runs from the date of
28 removal to federal court, it does not run from the date that the action was filed in state court.

Cowen v. American Med. Sys., 411 F.Supp.2d 717, 721 (E.D. Mich. 2006); Baumeister v. New Mexico Comm'n for the Blind, 409 F.Supp.2d 1351, 1352-53 (D. N.M. 2006); McKinnis v. Hartford Life, 217 F.R.D. 359, 360 (E.D. Pa. 2003); Randolph v. Hendry, 50 F.Supp.2d 572, 579 (S.D. W. Va. 1999).

Here, this case was removed to this Court on September 8, 2009. More than 120 days have elapsed from both the date of removal and the date of filing in state court. There is no indication that Defendants Right Away Mortgage, Inc., T.D. Service Co., Loanleaders of America, Inc., Nova Home Loans, Chicago Title Co., LSI Title Co., Brian Bakkebo, Kealli Maeda, or "Art" have been served with process. Plaintiffs will be required to show cause why these defendants should not be dismissed pursuant to Rule 4(m). See Fed. R. Civ. Pro. 4(m); Hason, 279 F.3d at 1174.

## CONCLUSION

Defendants Wilshire and U.S. Bank move to dismiss all claims alleged against them. Dismissal without prejudice to amendment of the first cause of action for TILA rescission is appropriate because Plaintiffs failed to allege that they can or will be able to tender the loan proceeds. Dismissal without prejudice to amendment of the third cause of action is appropriate because Plaintiffs failed to allege fraud with the specificity required by Rule 9(b) and have failed to allege that they can or will be able to tender the loan amount. Dismissal without prejudice to amendment of the fifth cause of action is appropriate because the violations of TILA are unclear, Plaintiffs have not alleged that they can or will be able to tender the loan amount, and there are no allegations indicating that it is appropriate to toll 15 U.S.C. § 1640(e)'s one year limitations period. Dismissal of Prayer H without prejudice as against Wilshire and U.S. Bank is appropriate because the those damages rise or fall with the third cause of action. Since punitive damages are unavailable for TILA violations, it is appropriate to strike Paragraph 76. Finally, Plaintiffs will be required to show cause why Defendants Right Away Mortgage, Inc., T.D. Service Co., Loanleaders of America, Inc., Nova Home Loans, Chicago Title Co., LSI Title Co., Brian Bakkebo, Kealli Maeda, and "Art" should not be dismissed for violation of Rule 4(m).

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants Wilshire and U.S. Bank's Motion to Dismiss is GRANTED without prejudice to amendment as to the First, Third, and Fifth Causes of Action and Prayer H;[14]

2. Defendants Wilshire and U.S. Bank's Motion to Strike is GRANTED and Paragraph 76 is STRICKEN;

3. Plaintiffs may file an amended complaint that complies with this order within twenty (20) days of service of this order; and

4. Within ten (10) days of service of this order, Plaintiffs are to show cause in writing why unserved Defendants Right Away Mortgage, Inc., T.D. Service Co., Loanleaders of America, Inc., Nova Home Loans, Chicago Title Co., LSI Title Co., Brian Bakkebo, Kealli Maeda, and "Art" should not be dismissed for violation of Rule 4(m).[15]

IT IS SO ORDERED.

**Dated:   January 20, 2010**                           /s/ Anthony W. Ishii
                                                                                  CHIEF UNITED STATES DISTRICT JUDGE

---

[14] Prayer H is dismissed as to Wilshire and U.S. Bank only.

[15] The Court notes that in Defendants' memorandum, citation to all authority was done through footnotes. No authority appears in the body of the memorandum. The Court advises Defendants that this format for citation to evidence and authority is <u>unacceptable</u>. The opinions of some legal editors and scholars notwithstanding, the Court does not find that this format makes for easier reading. Counsel is advised that if Defendants again file documents that cite authority or evidence through footnotes, the Court will strike the documents *sua sponte* and without further notice. The Court is aware of the irony of warning counsel through a footnote about exclusively using footnotes to cite to authority and evidence.