IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONNA LYNN MAYS and RONALD MAYS, <br><br> Plaintiffs, <br><br> v. <br><br> U.S. BANK NATIONAL ASS. as Trustee for the Specialty Underwriting and Residential Financial Mortgage Loan Asset Backed Certificates Series 2006-AB3, et. al., <br><br> Defendants. | 1:09-CV-1586  AWI SMS <br><br> ORDER DISMISSING DEFENDANTS FOR UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(m) |

On January 20, 2010, as part of the order on a motion to dismiss, the Court ordered Plaintiffs to show cause in writing why Defendants Right Away Mortgage, Inc., T.D. Service Co., Loanleaders of America, Inc., Nova Home Loans, Chicago Title Co., LSI Title Co., Brian Bakkebo, Kealli Maeda, and "Art" should not be dismissed for violation of Rule of Civil Procedure 4(m).  See Court's Docket Doc. No. 27.  Plaintiffs have failed to file any response, timely or otherwise, to the order to show cause.[1]

---

[1] However, on January 25, 2010, Plaintiffs filed a notice of bankruptcy, which indicates that they have filed Chapter 7 Bankruptcy.  See id. at Doc. No. 28.  Plaintiffs' filing of a notice of bankruptcy does not respond to the order to show cause.  This is so because the automatic bankruptcy stay does not apply to claims brought "by" a debtor, rather it applies to claims brought "against" a debtor.  See 11 U.S.C. § 362(a)(1); Crosby v. Monroe County, 394 F.3d 1328, 1331 n.2 (11th Cir. 2004); Parker v. Bain, 68 F.3d 1131, 1137-38 (9th Cir. 1995); Martin-Trigona v. Champion Fed. Sav. & Loan Ass'n, 892 F.2d 575, 577 (7th Cir. 1989); Cobb v. Aurora Loan Servs., LLC, 408 B.R. 351, 355 (E.D. Cal. 2009).  There are no counterclaims made by any of the Defendants against Plaintiffs.  Cf. Parker, 68 F.3d at 1137.  Since this lawsuit involves only claims initiated "by" Plaintiffs, the automatic bankruptcy stay does not apply.  See Crosby, 394 F.3d at 1331 n.2; Parker, 68 F.3d at 1137-38; Martin-Trigona, 892 F.2d at 577.

Without an extension from the Court, the time in which to serve a defendant with process is 120 days. See Fed. R. Civ. Pro. 4(m). Under Rule 4(m), "if process is not served within 120 days after the filing of the complaint, and the plaintiff cannot show good cause why service was not made within that time, the action is subject to dismissal without prejudice upon the court's own initiative with notice to the plaintiff." Hason v. Medical Bd., 279 F.3d 1167, 1174 (9th Cir. 2002). In the case of a removed action, the 120 day period to serve process runs from the date of removal to federal court, it does not run from the date that the action was filed in state court. Cowen v. American Med. Sys., 411 F.Supp.2d 717, 721 (E.D. Mich. 2006); Baumeister v. New Mexico Comm'n for the Blind, 409 F.Supp.2d 1351, 1352-53 (D. N.M. 2006); McKinnis v. Hartford Life, 217 F.R.D. 359, 360 (E.D. Pa. 2003); Randolph v. Hendry, 50 F.Supp.2d 572, 579 (S.D. W. Va. 1999).

The case at bar was removed to this Court on September 8, 2009. More than 120 days have elapsed from the date of removal. There is no indication that Defendants Right Away Mortgage, Inc., T.D. Service Co., Loanleaders of America, Inc., Nova Home Loans, Chicago Title Co., LSI Title Co., Brian Bakkebo, Kealli Maeda, or "Art" have been served with process. Plaintiffs have failed to show cause why these defendants should not be dismissed pursuant to Rule 4(m). It is appropriate to dismiss these defendants. See Fed. R. Civ. Pro. 4(m); Hason, 279 F.3d at 1174.

Accordingly, IT IS HEREBY ORDERED that Defendants Right Away Mortgage, Inc., T.D. Service Co., Loanleaders of America, Inc., Nova Home Loans, Chicago Title Co., LSI Title Co., Brian Bakkebo, Kealli Maeda, and "Art" are DISMISSED from this case pursuant to Federal Rule of Civil Procedure 4(m).

IT IS SO ORDERED.

**Dated:   February 5, 2010**             /s/ Anthony W. Ishii
                                 CHIEF UNITED STATES DISTRICT JUDGE